# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**MARK A. McFORBES,**
**(#96559-038),**
          **Petitioner,**

**v.**

**J. BIENEMY, WARDEN**
**FCC PETERSBURG,**

          **Respondent.**

**CIVIL ACTION NO. 2:26-cv-61**

## OPINION AND ORDER

In his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), pro se Petitioner Mark McForbes ("McForbes" or "Petitioner") seeks federal habeas relief, alleging that the Federal Bureau of Prisons ("BOP") failed to apply earned time credits in accordance with the First Step Act ("FSA") and Second Chance Act. Pet. (ECF No. 1, at 2-3). Respondent moved to dismiss the Petition, or in the alternative, for summary judgment, (ECF No. 6), arguing that McForbes is not eligible for the application of his FSA earned time credits because of his current recidivism risk level, Mem. L. Supp. Resp't's Mot. Dismiss Alt. Mot. Summ. J. ("Resp't's Mem.") (ECF No. 7, at 1-2). The court provided McForbes with the required notice to pro se plaintiffs under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), (ECF No. 9), McForbes opposed Respondent's Motion, (ECF No. 10), Respondent did not file a brief in Reply, and the time for responding has expired.

Both parties consented to proceed before a United States Magistrate Judge, and the court referred the matter to me to resolve pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (ECF Nos. 8, 11, 12). For the reasons set forth below, the Respondent's Motion for Summary Judgment is GRANTED and Petition is DISMISSED.

1

## I.    BACKGROUND

McForbes is a federal inmate, currently serving a 180-month prison sentence after being convicted of two counts of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1).  Sentencing Order, United States v. McForbes, No. 4:15-cr-40014-001, (D. Mass. Feb. 9, 2016) (ECF No. 192, at 1-2).  Upon release from imprisonment, McForbes will be placed on supervised release for a term of three years.  Id. at 3.  Petitioner's current home detention eligibility date is October 14, 2027, and his projected release date is April 14, 2028, with the application of good conduct time credits.  Resp't's Mem. Ex. 1 ("Benimana Decl.") Attach. 1 (ECF No. 7-1, at 6); Resp't's Mem. (ECF No. 7, at 2).  McForbes's habeas petition challenges the BOP's failure to apply his earned time credits to his prerelease custody date under the FSA.  Pet. (ECF No. 1, at 2-3).  Petitioner has earned 365 days of FSA time credits toward early release, and 495 credits toward Residential Reentry Center or Home Confinement placement credits that have not been applied to his prerelease custody date.  Benimana Decl. ¶ 7 (ECF 7-1, at 2).

At his most recent assessment on January 21, 2026, McForbes was determined to be a high recidivism risk based on his Prisoner Assessment Tool Targeting Estimated Risks and Needs ("PATTERN") score.  Id. Attach. 2 (ECF No. 7-1, at 8-9).  At all but one of his previous PATTERN assessments, Petitioner was determined to be a high recidivism risk.  Id. ¶ 8 (ECF No. 7-1, at 3); id. Attach. 3. (ECF No. 7-1, at 12).  On February 5, 2025, Petitioner was found to have a medium recidivism risk score.  Id. Attach. 3; Pet. (ECF No. 1, at 12).  At the following PATTERN assessment, on July 30, 2025, McForbes was given a high recidivism risk score.  Benimana Decl. Attach. 3 (ECF No. 7-1, at 12).  While McForbes is not eligible for his earned time credits to be applied under the FSA due to his high PATTERN score, see 18 U.S.C. § 3624(g)(1)(D)(i)(I), inmates can also become eligible for their earned time credits to be applied if they have a petition

2

granted by the warden, see id. § 3624(g)(1)(D)(i)(II).  McForbes completed the general BOP process to obtain administrative relief on his claim.  He submitted a BP-8, Pet'r's Reply to Resp't's Mot. (ECF No. 10, at 14), and completed the required levels of appeal, Pet. (ECF No. 1, at 2-3).  McForbes states that he has "systematically submitted [] requests [for the Warden's approval] through his Unit Team and Respondent Bienemy has failed to respond."  Pet'r Reply (ECF No. 10, at 10-11); Pet. (ECF No. 1, at 6).  Respondent has not denied that Petitioner has submitted requests to the Warden, but claims that as of January 21, 2026, the date of Petitioner's most recent Program Review, there is no record indicating that the Warden has approved Petitioner's request for the application of his FSA time credit.  Resp't's Mem. (ECF No. 7, at 4).

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 requires the Court to grant a motion for summary judgment[1] if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).  "A material fact is one 'that might affect the outcome of the suit under the governing law.'  A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'"  Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The party seeking summary judgment has the initial burden of informing the Court of the basis of its motion and identifying materials in the record it believes demonstrates the absence of a genuine dispute of material fact.  Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 322-25.  When

---

[1] Respondent moved to dismiss the Petition under Rule 12(b)(6) but also cited Rule 56 in the alternative. Both parties submitted additional evidence, all of which has been considered by the undersigned. This Opinion decides this motion as a motion for summary judgment under Rule 56.

the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

In considering a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); see Anderson, 477 U.S. at 255. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

### III.    ANALYSIS

There are two ways for an inmate to become eligible to have their FSA earned time credits applied to their prerelease custody date: (1) if they have been determined to be a low or minimum recidivism risk during their last two reassessments; or (2) if they have had a petition granted by the warden after the warden has determined that the inmate would not be a danger to society, has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs, and is unlikely to recidivate. See 18 U.S.C. § 3624(g)(1)(D)(i). Because McForbes was determined to be a high recidivism risk at his last assessment, he is ineligible for his time credits to be applied through the first path. However, "prisoners at 'medium' or 'high' risks of recidivism are not deprived of all opportunities to apply FSA credits." Benson v. Edgefield, 174 F.4th 348, 353-55 (4th Cir. 2026). Even with his high PATTERN score, McForbes could be eligible for his earned time credits to be applied if he petitioned the Warden—and his petition was granted. McForbes alleges that he petitioned the Warden for relief, and the Warden has refused to respond.

4

Pet. (ECF No. 1, at 10); Pet'r Reply (ECF No. 10, at 10-11).  Respondent does not dispute that Petitioner has petitioned the Warden for relief, but instead claims that there is no record of the Warden approving Petitioner's request for application of his earned time credits.  Resp't's Mem. (ECF No. 7, at 4).

Federal inmates must exhaust their administrative remedies prior to filing federal habeas petitions.  McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (unpublished per curiam opinion); see also Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Administrative exhaustion protects administrative agency authority by ensuring that agencies have an opportunity to correct mistakes in their own programs, Woodford v. Ngo, 548 U.S. 81, 89 (2006) (quoting McCarthy v. Madigan, 503 U.S. 140, 145 (1992)), and exhaustion preserves judicial efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court," exhaustion preserves judicial efficiency.  Id.  The exhaustion requirement requires "proper exhaustion,"— or "compliance with an agency's deadlines and other critical procedural rules."  Id. at 90-93.  While originally decided in the context of the Prison Litigation Reform Act, 42 U.S.C. §1997e(a), courts generally evaluate exhaustion by § 2241 petitioners by reference to the Woodford requirements.  See, e.g., Hrycuna v. Ormond, No. 2:18-cv-246, 2019 WL 1304250, at *3-4 (E.D. Va. Feb. 19, 2019), R. & R. adopted, 2019 WL 1302592 (E.D. Va. Mar. 21, 2019); Long v. Wilson, No. 3:11-cv-602, 2012 WL 1957814, at *3 (E.D. Va. May 30, 2012); cf. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632-33 (2d Cir. 2001) (discussing cause and  prejudice standard applicable when an inmate "has not fully pursued his state remedies").

Here, Petitioner made a good attempt to exhaust his administrative remedies by completing the required forms and appeals (BP-8, BP-9, BP-10, and BP-11), see Pet'r's Reply (ECF No. 10, at 14); Pet. (ECF No. 1, at 2-3), however, he has not properly exhausted the administrative remedies specific to the application of earned time credits to prerelease custody. Under the FSA, inmates are eligible for their earned credits to be applied for prerelease custody if they have been determined under the System to be a low or minimum recidivism risk during their last two reassessments, 18 U.S.C. § 3624(g)(1)(D)(i)(I), or if they have had a petition granted by the warden after the warden has determined that the inmate would not be a danger to society, has made a good faith effort to lower their recidivism risk through participating in recidivism reduction programs, and is unlikely to recidivate, id. § 3624(g)(1)(D)(i)(II). Because McForbes was determined to be a high recidivism risk at his last assessment, he must avail himself of the process to seek the Warden's approval—and receive a determination from the Warden—as outlined in the statutory framework, to have his earned time credits applied to his prerelease custody. See id. § 3624(g)(1)(D)(i); see also Brown v. Holzapfel, No. 5:24-cv-62, 2024 WL 3264795, at *3 (S.D.W. Va. June 6, 2024).

While McForbes has petitioned the Warden for application of his FSA earned time credits, to properly exhaust his administrative remedies, he would have had to obtain a determination before he filed his suit. See Woodford, 548 U.S. at 90-92, see also Stargell v. Heckard, No. 5:23-cv-546, 2024 WL 770630, at *3-4 (S.D.W. Va. Jan. 17, 2024), R. & R. adopted, 2024 WL 767228 (S.D.W. Va. Feb. 22, 2024). Because McForbes has not received a determination from the Warden, McForbes has not fully complied with the "agency's deadlines and other critical procedural rules" as is required for proper exhaustion. Woodford, 548 U.S. at 90-92. Therefore, McForbes has not exhausted his available remedies and is not eligible for federal habeas relief.

6

While the court need not resolve McForbes's arguments on the merits given his failure to exhaust, his arguments demonstrate why it is especially important for Petitioner to exhaust his administrative remedies. Petitioner asserts that the BOP program statement for inmate eligibility of earned time credit to be applied to prerelease custody leaves out the first clause of 18 U.S.C. § 3624(g)(1)(B)—which reads, "has shown through the periodic risk reassessments a demonstrated recidivism risk reduction"—and is separated from the rest of the section about maintaining a minimum or low recidivism risk by the word "or" instead of "and." Pet. (ECF No. 1, at 14). He asserts that by decreasing his recidivism risk level to medium at his February 2025 assessment, he demonstrated sufficient risk reduction under the statute to be eligible for the application of his earned time credits. Pet. (ECF No. 1, at 12-13). However, Petitioner's risk reduction has not remained at a medium level. In the Petitioner's two assessments since February 2025, his PATTERN score has placed him at a high recidivism risk. Benimana Decl. Attach. 3, at 3 (ECF 7-1, at 12). Additionally, Petitioner incorrectly reads the statute. Taking into consideration both § 3624(g)(1)(B) and § 3624(g)(1)(D), the Fourth Circuit held that if an inmate has a high or medium risk of recidivism, there are two paths for eligibility for prerelease custody, "(1) two subsequent reassessments of 'low' risk; or (2) the warden's approval of the prisoner's petition." Benson v. Edgefield, 174 F.4th 348, 353-55 (4th Cir. 2026). Based on the statute, Petitioner is only able to have his earned time credits applied to his prerelease date by lowering his recidivism risk rate to low or minimum for two reassessments or having the Warden grant a petition to apply the credits. Since Petitioner currently is unable to meet the first path toward eligibility, it is particularly important he exhaust administrative remedies and obtain the Warden's approval of his petition in this case. Otherwise, his petition would likely fail to state a claim for relief as his

7

PATTERN score precludes application of the credits under the plain language of the statute. See 18 U.S.C. §§ 3624(g)(1)(D) and 3625.

Further, even if the Warden were to give McForbes a definite denial of his petition to have his FSA credits applied, "the [W]arden's discretionary decision is not reviewable by this [c]ourt." Barrios v. Bienemy, No. 3:25-cv-660, 2026 WL 1092254, at *6 (E.D. Va. Apr. 22, 2026). Decisions in other circuits further support the idea that a discretionary denial by the Warden would not be reviewable by the court. See Stargell v. Heckard, No. 5:23-cv-00546, 2024 WL 770630, at *3 (S.D.W. Va. Jan. 17, 2024) (citing decisions from other circuits that explain that decisions made by the BOP relating to the application of FSA time credits are not subject to judicial review).

## IV.   CONCLUSION

Because Petitioner failed to exhaust his administrative remedies as is required under federal habeas law, Respondent's Motion, (ECF No. 6), is GRANTED and the Petition, (ECF No. 1), is DISMISSED.

**If Petitioner intends to appeal this Final Order, he must within sixty (60) days from the date of this Order, file a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Frayer v. Warden, FCI Beckley, No. 23-6054, 2023 WL 3268719, at *1 (4th Cir. May 5, 2023) ("When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order.").**

IT IS SO ORDERED.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E.  MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia
July 1, 2026

9

## Clerk's Mailing Certificate

A copy of the foregoing Order was mailed this date to:

**Mark McForbes**
96559-038
Federal Correctional Complex
Petersburg Medium
P.O. Box 1000
Petersburg, Virginia 23804

and an electronic copy was provided to:

**Kent Porter**
Assistant United States Attorney
United States Attorney's Office
101 W. Main Street
Suite 8000
Norfolk, Virginia 23510

Laura G. Griffin, Clerk

/s/ J. L. Meyers
By _____
Deputy Clerk

July 1, 2026
_____, 2026

10